UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK A. SMITH,

    Plaintiff,

v.

JACK VOGNSEN, Ph.D.,

    Defendant.

No. C 10-1839 SI (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

Mark Smith, an inmate at the Coalinga State Hospital, filed a pro se civil complaint and sought leave to proceed in forma pauperis. Before the court reviewed his complaint, Smith filed an amended complaint. His amended complaint is now before the court for review under 28 U.S.C. § 1915.

## BACKGROUND

The allegations of the amended complaint indicate that Smith has been involuntarily committed to the state mental hospital pursuant to civil commitment proceedings under California's Sexually Violent Predator Act ("SVPA"), see Cal. Welf. & Inst. Code § 6600 et seq. Defendant Vognsen allegedly is an evaluator for the state of California Department of Mental Health and the District Attorney's office. Smith alleges that defendant Vognsen and the District Attorney's office have "conspired to use illegal underground regulations to illegal (sic) confine" Smith as an SVP. Amended Complaint, p. 3. In his prayer for relief, Smith requests a new trial, a new evaluation, and for the court to "punish" Dr. Vognsen for the illegal evaluations done on Smith.

**DISCUSSION**

The court must dismiss an in forma pauperis action at any time if the court determines that the allegation of poverty is untrue, the action is frivolous or malicious, the action fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. See 28 U.S.C. § 1915(e). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Smith's complaint must be dismissed under the Heck rule, which precludes a plaintiff from obtaining damages at this time for the alleged constitutional violations in connection with his commitment. Heck v. Humphrey, 512 U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence already has been determined to be wrongful. See id. at 486-87. A conviction or sentence may be determined to be wrongful by, for example, being reversed on appeal or being set aside when a state or federal court issues a writ of habeas corpus. See id. The Heck rule also prevents a person from bringing an action that -- even if it does not directly challenge the conviction or other decision -- would imply that the conviction or other decision was invalid. The practical importance of this rule is that a plaintiff cannot attack his conviction in a civil rights action for damages; the decision must have been successfully attacked before the civil rights action for damages is filed.

Heck applies to detainees under an involuntary civil commitment scheme such as persons committed pursuant to California's SVPA with access to habeas relief. Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1140 (9th Cir. 2005). Such a detainee's claim for damages and/or declaratory relief must be dismissed without prejudice under the rationale of Heck if success on the claim would necessarily imply the invalidity of the detainee's civil commitment. See id.

at 1140-41, 1142.  <u>Heck</u> therefore bars any for damages for the alleged violations of Smith's rights in his civil commitment, including his challenges to the evaluation that was used as the basis for his commitment.  Any cause of action for damages or declaratory relief would not accrue unless and until the civil commitment decision is set aside.  To the extent Smith wants the court to "punish" defendant Vognsen in some other way, the relief is not available because the executive rather than the judicial branch determines whether to prosecute someone.

Smith's request for injunctive relief – i.e., his request for a new trial --- also cannot be considered in this § 1983 civil rights action.  A petition for writ of habeas corpus is the exclusive method by which he may challenge the civil commitment in this court.  <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).

Because any action for damages and declaratory relief must be dismissed under <u>Heck</u> and any challenge to the civil commitment must be by way of a habeas petition, this action will be dismissed.  This  dismissal is without prejudice to Smith filing a civil action for damages concerning his commitment but not unless and until his commitment has been set aside.

Smith's motion for appointment of counsel is DENIED. (Docket #10.) There is no reason to appoint counsel in a case that is being dismissed.  Smith's motion to proceed <u>in forma pauperis</u> is GRANTED.  (Docket # 10.)

The clerk shall close the file.

IT IS SO ORDERED.

Dated: September 27, 2010

_____
SUSAN ILLSTON
United States District Judge